UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE DAVIS,<br>　　　　Plaintiff,<br>　v.<br>ANDREW M. SAUL, et al.,<br>　　　　Defendants. | Case No. 20-cv-05805-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT** |

Pro se plaintiff Jimmy Lee Davis has filed a complaint against Social Security Administration (SSA) Commissioner Andrew Saul, and an application to proceed in forma pauperis (IFP). Dkt. Nos. 1, 2. The IFP application is granted, and the case is dismissed.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer here is yes. Davis states that he is unemployed and has a monthly income of only $1,000 in government benefits. Dkt. No. 2. Davis meets the financial qualifications for IFP status.

The next question is whether the amended complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted, or that is "frivolous." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (this statute "applies to all in forma pauperis complaints"). The standard for dismissal for failure to state a claim is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Davis gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible

claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

The complaint does not plausibly allege a claim. It is a largely incomprehensible series of statements about a purported conspiracy by the mayor of San Francisco, her son, the Federal Bureau of Investigation (FBI), and a "hit team" to deprive him of "SSA Retroactive pay." Dkt. No. 1 at ECF p. 3. Davis filed an amended complaint, which says in passing that the same purported events violated 42 U.S.C. § 1983. *See* Dkt. No. 5 at 5-6. The amended complaint also added a number of offensive epithets that have no place in federal pleadings under any circumstances.

Consequently, the complaints are dismissed. The only remaining question is whether Davis should be allowed to amend. Two factors weigh heavily against this. He has already tried twice in this case to state a plausible claim, without a modicum of success. It also appears that he tried to pursue very similar allegations in *Jimmy Lee Davis v. United States*, Case No. 20-cv-02010-WHO (*Davis I*), a case that was filed in this district earlier this year and dismissed. *See Davis I*, Dkt. Nos. 5, 14. The order dismissing the amended complaint characterized Davis's allegations of conspiracy as "far-fetched" and "conclusory." *Davis I*, Dkt. No. 14 at 2. It also noted that Davis has filed "at least 30 cases" in this district as of 2019, all of which "have either been dismissed for failure to prosecute or dismissed for failure to state a claim." *Id.* Davis was not given further leave to amend, and a clerk's judgment was entered. *Davis I*, Dkt. No. 15.

In these circumstances, no useful purpose would be served by further amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The case is ordered closed. All other pending motions and requests are terminated as moot. Davis is advised that no further filings of any sort will be permitted without the Court's prior approval.

**IT IS SO ORDERED.**

Dated: January 13, 2021

JAMES DONATO
United States District Judge